MARY C. HEWETT, Appellant, *v.* NICHOLAS SUITS, Respondent, Impleaded with Others.

*Mortgage given by a husband to secure his individual debt — his wife does not, by joining therein, lose her right to priority as the holder of a prior mortgage.*

The mere fact that a wife joins in the execution of a mortgage given by her husband upon real estate owned by him, to secure his individual debt, does not impair her right to priority as assignee of a prior mortgage given by her husband to a third person upon the same premises.

APPEAL by the plaintiff, Mary C. Hewett, from a judgment of the Supreme Court in favor of the defendant Nicholas Suits, entered in the office of the clerk of the county of Montgomery on the 7th day of March, 1897, upon the decision of the court rendered after a trial at the Montgomery Special Term.

On September 11, 1886, the defendant Simeon K. Hewett executed and delivered to Joseph H. Jones his bond, dated on that day, secured by a mortgage executed by himself alone upon the premises described in the complaint. Such mortgage was regularly recorded in the Montgomery county clerk's office on September 18, 1886.

On January 21, 1889, such bond and mortgage was, by a written instrument executed on that date, duly assigned by said Jones to Mary C. Hewett, who was the wife of said mortgagor, and who is plaintiff in this action. She brought this action to foreclose such mortgage, and made the respondent, Nicholas Suits, a defendant therein, as having a lien on the premises subsequent and subordinate to hers. Suits answered and set up as a counterclaim that on August

16, 1892, the said Simeon K. Hewett and this plaintiff, his wife, borrowed from him $300, and that to secure it they delivered to him the bond of the husband, executed on such day, secured by a mortgage on said premises, executed by such husband and his wife, also dated on such day, and which mortgage was duly recorded in said county on August 25, 1892.   He also set up that he was induced to make such loan by the representations of said parties that the premises so mortgaged to him were free and unincumbered.   He asked the judgment of the court that his mortgage be declared to be a superior lien and prior claim to the plaintiff's mortgage, and be first paid from the proceeds of the sale had in the action.

The plaintiff, by way of reply, admitted that she executed with her husband the mortgage then held by Suits, and denied all the other material allegations in such counterclaim.

Upon the trial the court decided that Suits' mortgage was a prior and superior lien to the plaintiff's, and directed that the amount due thereon, with his costs and expenses of the action, be first paid from the proceeds of the foreclosure sale.   From the judgment entered on such decision this appeal is taken.

*Hastings & Schoolcraft* and *Alonzo P. Strong,* for the appellant.

*Ed. J. Perkins* and *H. V. Borst,* for the respondent.

PARKER, P. J. :

The fact alone that a wife joins with her husband in the execution of a mortgage upon the husband's real estate does not impair her right to priority as the holder of a prior mortgage. ˙(*Power* v. *Lester,* 23 N. Y. 527 ; *Gillig* v. *Maass,* 28 id. 191 ; *Kingman* v. *Dunspaugh,* 19 App. Div. 549.)   Suits, therefore, was not entitled to priority because his mortgage was executed by this plaintiff.

As to his claims that she made false representations to him at the time he took his mortgage, and that she was a borrower and interested in the $300, for which such mortgage was given, he has utterly failed to prove either of them.   His own evidence shows that the husband alone was the borrower, and that he alone received the money loaned.   It also shows that he was the only one who made the representations, and that it was upon his statements that Suits relied.   There is not a fact in the case showing that the plaintiff was

in any way benefited by the money which Suits loaned, or that she took any part whatever in borrowing the same.   None of the equities which existed in the case of *Kingman* v. *Dunspaugh* (*supra*), can be found in this case, and the decision there is no authority whatever for the decision here.

The judgment appealed from must be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.